IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JANINE JOHNSON** | : | |
| | : | |
| v. | : | **Civil No. JKS 10-1643** |
| | : | |
| **WAL-MART STORES, INC.** | : | |
| | : | |

## MEMORANDUM OPINION

Plaintiff Janine Johnson originally filed this action in the Circuit Court for Prince George's County, alleging negligence on the part of Defendant Wal-Mart Stores, Inc. (Wal-Mart). (ECF No. 2). Wal-Mart removed the action to the United States District Court for the District of Maryland. (ECF No. 1). Pursuant to consent of the parties, the case was referred to me for all further proceedings. (ECF No. 13). Presently pending and ready for resolution is Wal-Mart's motion for summary judgment. (ECF No. 15). No hearing is deemed necessary. For the reasons set forth below, Wal-Mart's motion will be granted.

**I. Background.**

The following facts are either undisputed or are construed in the light most favorable to Ms. Johnson. On August 14, 2009, Ms. Johnson and her husband went to the Wal-Mart store located at 3549 Russett Green East in Laurel, Maryland. Ms. Johnson approached the customer service desk to return an item while her husband went to another part of the store. Janine Johnson Dep. at 23-24. When she was 10-15 feet from the customer service desk, Ms. Johnson slipped and fell in a puddle of clear liquid. Ms. Johnson does not know the size of the puddle, how the liquid came to be on the floor, or how long it was there prior to the incident. She did not see the puddle prior to her fall. Cash registers near the puddle were open, and the puddle was not marked with any warnings. *Id.* at 29-30.

## II. <u>Standard of Review.</u>

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *See United States v. Diebold*, 369 U.S. 654, 655 (1962). The burden is on the moving party to demonstrate the absence of any genuine issue of material fact. *Pulliam Invest. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). A moving party who will not have the burden of proof at trial need only point to the insufficiency of the other side's evidence, thereby shifting the burden of raising a genuine issue of fact by substantial evidence to the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

A party who will have the burden of proof at trial, on the other hand, must make a showing sufficient to establish the existence of the essential elements of its claim or defense. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). To defeat the motion, the party opposing summary judgment must submit evidentiary materials showing facts on the basis of which the finder of fact could reasonably decide the case in its favor. *Anderson*, 477 U.S. at 252. If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper. *Id.*

## III. Discussion.

The Court of Appeals of Maryland[1] has adopted the rule in the Restatement (Second) of Torts § 343 (1965) for the general duty a private landowner owes to its invitees. *Deering Woods Condo. Ass'n v. Spoon*, 377 Md. 250, 263 (2003); *Rawls v. Hochschild, Kohn & Co., Inc.*, 207 Md. 113, 117 (1955). Section 343 provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Thus, a shopkeeper must exercise ordinary care to keep the premises in a reasonably safe condition, and is liable for injuries sustained by a customer in consequence of the failure to do so. *Moulden v. Greenbelt Consumer Services, Inc.*, 239 Md. 229, 231-32 (1965). "However, the proprietor of a store is not an insurer of the safety of his customers while they are on the premises and no presumption of negligence on the part of the owner arises merely from a showing that an injury was sustained in his store." *Moulden*, 239 Md. at 232; *Rawls*, 207 Md. at 118. "To recover in an action for damages, the plaintiff must show that the defendant was guilty of negligence which produced the particular injury alleged." *Moulden*, 239 Md. at 232; *Rawls*, 207 Md. at 118-19.

The burden is on the plaintiff "to show that the proprietor created the dangerous condition or had actual or constructive knowledge of its existence." *Moulden*, 239 Md. at 232; *Rawls*, 207

---

[1] Maryland substantive law applies in this diversity action.

Md. at 119. To establish constructive knowledge, the plaintiff must show how long the dangerous condition has existed. *Joseph v. Bozzuto Mgmt Co.*, 173 Md. App. 305, 316 (2007) (citing *Maans v. Giant*, 161 Md. App. 620, 632 (2005)). This rule, known as "time on the floor" evidence, is relevant as to notice to the storekeeper, as well as the issue of what care was exercised. *Bozzuto*, 173 Md. App. at 317 (quoting *Maans*, 161 Md. App. at 639-40).

Here, there is no evidence that Wal-Mart created, or had actual knowledge of, the dangerous condition which caused Ms. Johnson's fall. Acknowledging that she cannot provide "time on the floor" evidence, Ms. Johnson argues that the substance should have been discovered immediately because it was located within only a few feet of where Wal-Mart employees were working. However, the fact that the substance was in close proximity to an employee work area is not a substitute for "time on the floor" evidence. In *Lusby v. Baltimore Transit, Inc.,* 195 Md. 118, 122-23 (1950), the plaintiff fell in a substance on the floor of a bus which was next to, and plainly visible to, the driver. The Court held that the case could not be presented to a jury because there was neither evidence of the driver's duty to look in the direction of the spill,[2] nor evidence that the driver would have seen the spill had he looked. The Court also noted that the plaintiff herself did not see the substance. *See also Maans,* 161 Md. App. at 631-32 (finding that the store did not have constructive notice despite the fall occurring one shopping cart's length from a checkout line). The underlying principle is that a plaintiff who offers no evidence as to how long the substance was on the floor cannot establish the property manager's actual or constructive knowledge of the condition.

Here, as in *Moulden* and *Lusby,* the substance in which Ms. Johnson fell could have been spilled by a customer only moments before her fall, and thus before a Wal-Mart employee could

---

[2] A failure to make reasonable inspections cannot establish liability because it does not show that by reasonable inspections prior to the accident the property owner would have discovered the condition. *See Maans*, 161 Md. App. at 632.

have reasonably been expected to discover it. Since she herself did not see it, no inference that a Wal-Mart employee could have seen it may be drawn. The evidence is accordingly insufficient as a matter of law to establish that Wal-Mart's negligence caused Ms. Johnson's fall.

## V. **Conclusion**.

There is no evidence upon which a reasonable jury could find that Wal-Mart caused or knew of the spill, or negligently failed to discover it. Accordingly, Wal-Mart's motion for summary judgment will be granted. A separate order will be entered.


Date: December 20, 2010 _____/S/_____
JILLYN K. SCHULZE
United States Magistrate Judge